United States District Court
Southern District of Texas

**ENTERED**

July 29, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| DOUGLAS EUGENE MILES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05303 |
| | § | |
| JOHN S DUNN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Douglas Eugene Miles (Jail #90976), filed this prisoner civil rights Complaint while confined in the Jefferson County Jail. Doc. No. 1. He alleges negligent mental healthcare at the John S. Dunn Behavioral Sciences Center in Houston, Texas. *Id.* at 2. At the Court's request, Miles filed a More Definite Statement. Doc. No. 9. Miles proceeds *pro se* and *in forma pauperis*. The Court has screened this case as required and concludes that it should be DISMISSED for the reasons set forth below.

## I.    LEGAL STANDARDS

This complaint is governed by the Prison Litigation Reform Act (the "PLRA"). The Court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines

1 / 5

that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).  In conducting that analysis, a court reviews a prisoner's *pro se* pleading under a less stringent standard than those drafted by an attorney and construes it liberally, including all reasonable inferences which can be drawn from it.  *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir.1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

## II.   DISCUSSION

Miles alleges that from November 25, 2024, to February 25, 2025, he was involuntarily detained in the John S. Dunn Behavioral Sciences Center ("Dunn Center").

2 / 5

He appears to claim that he received medications and treatment without his consent, but his allegations are fantastical and difficult to decipher. He names the Dunn Center and its administration, Dr. Salih-Selek, PhD., Nurse Practitioner Meena Abraham, and 2 unknown trainees as the defendants.

Miles alleges that he did not sign any contract for admission or consent to his "dead name" being placed on his wristband. Doc. No. 9 at 2. He says that Dr. Salih-Selek negligently misdiagnosed his condition as "psychosis" because he claims that his name includes hyphens and colons. *Id.* He states that medical providers administrated "probate court ordered" medications including Risperidone under threat of holding him down. *Id.* He sues Nurse Practitioner Meena Abraham "for the deliberate indifference of the Claimant's legal power with the corrected-nativity status and: by the void of the statutory oaths and bonds" and "with the knowledge of the complaints of the side effects of the chemicals." *Id.*

His claims against the two John Doe defendants are similarly opaque. He does not allege facts to show that either of them did anything specific that caused him harm. *See id.* at 3. He generally alleges that the court-ordered Risperidone for violent offenders is a powerful sedative and that he had to attend group meetings daily. *Id.* at 4.

Miles does not plead facts to show that any defendant was deliberately indifferent to his medical or mental health needs. He does not state facts to show that any medical provider or other defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a

wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To the extent that he complains that he was negligently misdiagnosed or contends that he disagreed with the course of treatment, Miles's mere disagreement with the course of treatment provided is not sufficient to show deliberate indifference, *see Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino*, 239 F.3d at 756, which requires wanton, or reckless, disregard, *see Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

In addition, Miles does not plead facts to show that he was physically injured in connection with the acts or omissions of any of the defendants. The PLRA bars compensatory damages against defendants in their individual capacity where, as here, the plaintiff does not state facts to show a physical injury or a sexual assault as defined by the PLRA. *See* 42 U.S.C. § 1997e(e). Therefore, even if his pleadings were intelligible and stated a claim, he could not recover compensatory damages. Likewise, Plaintiff reports that he is no longer at the Dunn Center. Therefore, any claim for injunctive relief against the defendants is moot.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. This case is **DISMISSED** with prejudice under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B), for failure to state a claim for which relief may be granted.

2. All pending motions, if any, are **DENIED**.

3. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The

4 / 5

Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: **Three_Strikes@txs.uscourts.gov**

The Clerk's Office will enter this Order, providing a correct copy to all parties of record.

SIGNED this _____ 29th _____ day of July 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE